# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Roger Riggleman,**
**Plaintiff Below, Petitioner**

**FILED**

June 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 12-1025** (Hardy County 11-C-21)

**Pilgrim's Pride Corporation of**
**West Virginia, Inc. and Jerry Hughes,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Roger "Shayne" Riggleman, by counsel Harley O. Staggers Jr., appeals the Circuit Court of Hardy County's adverse summary judgment order entered on August 2, 2012. Respondents, Pilgrim's Pride Corporation of West Virginia, Inc. and Jerry Hughes, by counsel Marshall H. Ross, respond in support of the order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was employed as a Sanitation Crew Leader at a chicken processing plant owned and operated by Respondent Pilgrim's Pride. Respondent Hughes was the Human Resources Supervisor at the plant. On June 4, 2010, petitioner was discharged from his employment.

Petitioner filed this lawsuit alleging that his termination was the result of discrimination in violation of the West Virginia Human Rights Act, West Virginia Code § 5-11-9, based upon an alleged disability or being regarded as having a disability, and/or age. Petitioner asserts that he was disabled or perceived as disabled because of a back problem. Specifically, on/about May 25, 2010, he was diagnosed as having a herniated disc. He asserts he told a supervisor that he had an appointment to see a back surgeon on June 10, but he was fired before the appointment could take place. Petitioner was forty-one years old and had had a prior back surgery in 2007 that had required a leave of absence from work.

Respondents deny discriminating against petitioner. They assert that petitioner was terminated because of his failure to comply with his supervisory responsibilities as a Sanitation Crew Leader on the night shift of May 29, 2010. Employees at the plant sometimes engaged in a prohibited practice called "water battling." It is undisputed that during his May 29 shift petitioner

1

used a high-pressure water hose to spray another employee, Jeff Hawks, because Hawks had just received a promotion. It is also undisputed that on multiple occasions, management at the plant had warned petitioner and other crew leaders that "water battling" was unsafe and would result in disciplinary action.

During this same shift, other employees dragged and then forcibly placed Mr. Hawks in a tank full of water. Petitioner denies any involvement in or knowledge of that misconduct. Because of the instances of "water battling" that night, petitioner and another employee were terminated, while other employees received lesser discipline. The Pilgrim's Pride employee handbook allowed for immediate termination of employment for the failure to fulfill the responsibilities of the job to an extent that might or does cause injury to any person, and for conduct endangering the safety of one's self or others.

The circuit court granted summary judgment for respondents pursuant to Rule 56 of the West Virginia Rules of Civil Procedure, and petitioner appeals to this Court. We apply a de novo standard of review. Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994) ("A circuit court's entry of summary judgment is reviewed *de novo*.") A claim of unlawful discriminatory practices in employment is analyzed under the following framework:

> "In an action to redress unlawful discriminatory practices in employment . . . the burden is upon the complainant to prove by a preponderance of the evidence a prima facie case of discrimination[.] If the complainant is successful in creating this rebuttable presumption of discrimination, the burden then shifts to the respondent to offer some legitimate and nondiscriminatory reason for the rejection. Should the respondent succeed in rebutting the presumption of discrimination, then the complainant has the opportunity to prove by a preponderance of the evidence that the reasons offered by the respondent were merely a pretext for the unlawful discrimination." Syllabus point 3, in part, *Shepherdstown Volunteer Fire Department v. State ex rel. State of West Virginia Human Rights Commission,* 172 W.Va. 627, 309 S.E.2d 342 (1983).

Syl. Pt. 2, *Young v. Bellofram Corp.*, 227 W.Va. 53, 705 S.E.2d 560 (2010). We consider the following for a disparate treatment claim:

> "A complainant in a disparate treatment, discriminatory discharge case . . . may meet the initial *prima facie* burden by proving, by a preponderance of the evidence, (1) that the complainant is a member of a group protected by the Act; (2) that the complainant was discharged, or forced to resign, from employment; and (3) that a nonmember of the protected group was not disciplined, or was disciplined less severely, than the complainant, though both engaged in similar conduct." Syllabus point 2, in part, *State ex rel. State of W. Va. Human Rights Commission v. Logan–Mingo Area Mental Health Agency, Inc.*, 174 W.Va. 711, 329 S.E.2d 77 (1985).

Syl. Pt. 4, *Young*.

Our review of the record and of the parties' arguments convinces us that summary judgment was properly granted. Petitioner did not point to any fact supporting age discrimination. Moreover, it is debatable whether petitioner established a prima facie case of disability discrimination. The term "disability" is defined in the Human Rights Act as "[a] mental or physical impairment which substantially limits one or more of such person's major life activities . . . [which] includes . . . working[.]" W.Va. Code § 5-11-3(m)(1). The term "disability" also encompasses "[b]eing regarded as having such an impairment." *Id.*, § 5-11-3(m)(3). The evidence shows that petitioner had a very good attendance record and was performing his full-time job despite his back condition. Petitioner says he told a supervisor that he had an appointment with a surgeon about possible back surgery, but he cannot recall which supervisor he told, and there is no evidence that the supervisor reacted negatively or in any way perceived petitioner as being unable to perform his job.

Even assuming arguendo that petitioner established a prima facie case of discrimination, the record shows that respondents had a legitimate and nondiscriminatory basis for the termination. It is undisputed that "water battling" with high-pressure water hoses, potentially in the vicinity of moving equipment and caustic chemicals, is a safety issue and was expressly prohibited by Respondent Pilgrim's Pride. In addition to possible harm caused by the high-pressure spray, an employee could slip and fall or get caught in machinery while fleeing the spray. Moreover, respondents also had a legitimate interest in punishing hazing activities. Petitioner argues that he only sprayed Mr. Hawks's legs and no harm was done, but respondents reasonably assert that they have a legitimate interest in ensuring that supervisors comply with workplace safety requirements.

To argue that respondents' conduct was discriminatory and that their justification is pretextual, petitioner makes a disparate treatment argument. He asserts that other employees who engaged in misconduct that night were disciplined less harshly or not at all. For example, he argues that another supervisor who is under forty and who does not have a medical condition was aware that "water battling" was going to occur during the May 29 night shift, but the other supervisor took no action to prevent the conduct and received no discipline. However, even assuming for purposes of summary judgment that that those facts are true, it is undisputed that the other supervisor did not actively participate in the horseplay like petitioner did. Petitioner was the only supervisor-level employee who actively engaged in the misconduct.

Petitioner also points to the other employee who was terminated, asserting that the other employee was not a supervisor, is over forty, and reportedly has a medical condition. However, respondents explain that this other employee's misconduct was particularly egregious in that he forcibly submerged Mr. Hawks in the tank of water.

For the reasons set forth above, we conclude that summary judgment was proper. Accordingly, we affirm.

Affirmed.

3

**ISSUED:** June 24, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II